# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JERMAINE A. COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 10-3501-CV-S-RED |
| | ) | Crim No. 09-3051-01-CR-S-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court are Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) and Petitioner's Amended Motion under 28 U.S.C. § 2255 (Doc. 2). For the following reasons, the Court **DENIES** Petitioner's Motions (Docs. 1, 2).

## BACKGROUND

Petitioner pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) on November 30, 2009. This Court sentenced Petitioner to 77 months imprisonment, the low end of the applicable guideline range. In his initial motion, Petitioner asks for a sentence reduction to 70 months based on an amendment to the United States Sentencing Guidelines ("USSG"). In the amended motion, Petitioner asserts Congress did not have authority to enact 18 U.S.C. § 922(g)(1). Petitioner also argues the Court lacked jurisdiction because there was no proof of an interstate nexus. For the reasons discussed below, none of these arguments warrant granting either of Petitioner's motions.

# ANALYSIS

## *Petitioner's argument that his sentence should be reduced based on an amendment to the USSG is not cognizable*

Petitioner contends, based on Amendment 742 to the USSG, this Court erred in assessing him two criminal history points for committing the instant offense while on probation for another crime. 28 U.S.C. § 2255(a) provides the grounds upon which a § 2255 motion may be based. A prisoner may challenge his or her sentence through a § 2255 motion if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The United States Court of Appeals for the Eighth Circuit has recognized that challenging a sentence based on a question of USSG interpretation is not remedial in a § 2255 motion. *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir.1995)) (stating, "'ordinary questions of guideline interpretation' are not remediable on a § 2255 motion unless the error rises to the level of being a miscarriage of justice"); *see also Auman*, 67 F.3d at 161-62 (opining the petitioner's "Sentencing Guideline claim [was] not properly brought under section 2255, but should have been raised on direct appeal"). Based on this precedent, Petitioner's argument for a reduction to his sentence is not cognizable.

## *Congress had authority to enact 18 U.S.C. § 922(g)(1) pursuant to the Commerce Clause*

Petitioner contends § 922(g)(1) is unconstitutional, as it was enacted in excess of Congress's powers. The Eighth Circuit has squarely rejected this argument, upholding the constitutionality of § 922(g)(1). *United States v. Bates*, 77 F.3d 1101, 1104-05 (8th Cir. 1996) (finding Congress had the authority, pursuant to the Commerce Clause, to criminalize possession

of a firearm that traveled in interstate commerce). Therefore, this argument fails.

### *This Court had jurisdiction, as Petitioner admitted the firearm traveled interstate*

In his amended motion, Petitioner states "Jurisdiction has never been stated in this case, nor has proof of an interstate transaction been stated." During the hearing in which Petitioner pled guilty, the Government recited the evidence it would present if the case went to trial. The Government stated, "The gun . . . was not manufactured within the state of Missouri, therefore [it] had to travel in interstate commerce prior to July 19, 2008." Petitioner then answered the Court's questions affirmatively, stating he agreed the government could present that evidence if the case went to trial and that he did the things the Government said he did. Accordingly, the interstate nexus requirement was satisfied by Petitioner's own admission.

### *Petitioner's other arguments related to § 922(g) fail*

In the amended motion, Petitioner appears to argue the Court did not have authority to sentence him under § 922(g) because the regulations implementing it were not published in the Federal Register. This argument fails because the Federal Register requirements do not apply to criminal statutes. *See* 44 U.S.C. § 1505(a), 5 U.S.C. §§ 551(1)(A), 552.

Petitioner also asserts that § 922(g) is unconstitutional, as it violates his Second Amendment right to bear arms. Every circuit court that has addressed this argument has rejected it. *See United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010) (listing cases).

## CONCLUSION

Finding none of Petitioner's grounds for relief meritorious, the Court denies Petitioner's motions (Docs. 1, 2).

**IT IS SO ORDERED**.

DATED:	May 6, 2011		  /s/ Richard E. Dorr
				RICHARD E. DORR, JUDGE
				UNITED STATES DISTRICT COURT